**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ALFORD L. WHITE,**

    **Plaintiff,**

    **v.**                                                                                          **04-624 (GK/JMF)**

**JOHN E. POTTER,**
**Postmaster General,**
**United States Postal Service,**

    **Defendant.**

## MEMORANDUM OPINION

I must now resolve the controversy that has arisen concerning the ability of the defendant to produce certain information that the plaintiff demanded.

A.    <u>Judge Kessler's Order</u>

By an order dated February 7, 2006, Judge Kessler ordered the United States Postal Service ("USPS") to provide the plaintiff with (*inter alia*) documents relating to light-duty employees and limited duty employees at the Brentwood Mail Facility who were denied work or had their hours reduced during the year 2000.

B.    <u>The Controversy</u>

The discovery disputes in this case pertain to the (1) circumstances under which the defendant produced a CD containing 430 pages of documents after a USPS representative had previously declared that information concerning light and limited duty employees had been destroyed because the Brentwood Postal facility was contaminated by Anthrax, and (2) whether the computer system used by the USPS could be used to find those employees who were denied work or had their hours reduced in 2000.

C.   The CD and the Documents

The first dispute has now been resolved. In her declaration, Toni Grier, Manager, Payroll Accounting, USPS, explains how all documents were removed from the Brentwood Mail Facility because of the anthrax contamination. Subsequently, some documents were destroyed and some were misplaced. One box, containing documents pertaining to this case, was mislabeled as belonging to the Medical Unit. Once the error was discovered, Ms. Grier recovered the documents that should have been produced in this case and made them available to plaintiff through defendant's counsel.[1] Plaintiff accepts the representation contained in Ms. Grier's declaration[2] and there the matter can end.

D.   The Computer System and the Information It Can Yield

As to the second dispute, I find that the following facts are true:

1. The USPS AQS system is not designed to permit the search of historical data. It only provides a "snapshot" of an employee's claim and compensation case with the Department of Labor on any given day.

2. This system allows a USPS District to obtain injury compensation information regarding employees within that specific District. It is incapable of retrieving information regarding employees of another District.

3. This system is updated on a daily basis and only the most current information is available.

4. There is no way in which the AQS system can produce the information specified by Judge Kessler.

---

[1] Defendant's Supplemental Response Pursuant to April 24, 2007 Order ("Defs. Supp. Resp."), Exhibit 3 at 2.
[2] Plaintiff's Reply to Defendant's Supplemental Response dated 5/25/07 ("Plains. Reply 5/25/07") at 1.

5. There are no other computer systems or backup tapes from which this data can be retrieved.

6. There is no other computer system of any type or kind that would contain the information ordered by Judge Kessler, or information relating to any event that occurred on June 30, 2000, or whether plaintiff's Office of Workmen's Compensation Programs case file was closed on June 30, 2000.

7. There is no computer system anywhere in USPS that can identify those employees in Code 68 or 69 who suffered either a loss of work or a reduction of hours in 2000.

8. The USPS payroll system can only retrieve information as to the actual hours worked by the Code 68 or 69 employees or the actual hours those employees were in leave status.

9. This payroll system has no capability to provide the reasons why employees may have had a reduction in work hours or loss of work in a particular week.

10. The USPS cannot capture any information from its computer systems that would reveal which employees are on light duty.

11. There is no information in the USPS payroll system that could be used to explain why certain employees worked less than 40 hours a week or why certain employees chose to use any type of leave.

12. The USPS payroll system has the capability of identifying those Code 68 and 69 employees who went off the payroll after June 30, 2000, but does not have the capability to determine whether an employee's termination status was voluntary or involuntary.

13. The USPS payroll system is only capable of retrieving information as to the actual hours worked by the employee or the actual hours the employee was in leave status. This system cannot provide information as to the reasons an employee may have had a reduction in work hours or the reasons for his or her termination.

E.   Plaintiff's Request

Given the limitations of the USPS computer system, plaintiff is now content to have the name, address and phone number of all "present and former USPS employees who are identified by Defendant as having gone off the payroll or having had their hours reduced during 2000." Plaintiff's Reply to Defendant's Supplemental Response dated 7/5/07 ("Plains. Reply 7/5/07) at 2. But, the declaration of Carol Reich specifically states that "[t]here is no computer system anywhere in the entire Postal Service from which the payroll system can be used to find those employees in Code 68 or 69 who suffered either a loss of work or a reduction of hours in calendar year 2000." Defs. Supp. Resp., Exhibit 2 at 1. It can only produce the "actual hours worked by the employee or the actual hours the employee was in a leave status." Id. at 2. It is therefore impossible for the defendant to produce the names of the persons who "had their hours reduced during 2000." Plains. Reply 7/5/07 at 2. It can only produce the names of the persons who were in Code 68 or 69 status.

Plaintiff expresses a willingness to do his own investigation, id., but that would mean that he would have to ascertain from each one of these people why they were terminated.

I am concerned about the potential loss of privacy this would entail and the simultaneous burden that would be placed on the government to produce the information when so much of it may have nothing to do with this lawsuit, simply because an individual who was in Code 68 or 69 status resigned or retired. Accordingly, I will first ask defendant's counsel whether defendant

is willing to produce the information plaintiff seeks and, if it is not, what its specific objection is to doing so.  I would expect the government to advise me of any objections it may have and also how much time and effort it will take to produce the names and addresses of all employees in Code 68 or 69 status who went off the payroll in 2000.  I would appreciate being advised of its best estimate of how many people would be on such a list.  Once I have the government's position and plaintiff's response thereto, I will determine how we will proceed.

Finally, plaintiff seeks a hearing on sanctions.  But, sanctions exist to remedy the destruction of information[3] and there is no evidence that the USPS destroyed anything.  Plaintiff's only real complaint is that USPS maintains a computer system that is not designed to produce the information that plaintiff seeks.  That is hardly sanctionable behavior.

An order accompanies this Memorandum Opinion.


_____/S/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:  December 5, 2007

---

[3] See United Medical Supply v. United States, 77 Fed. Cl. 257 (2007).